ISAAC DEREK ZOREA
ATTORNEY & COUNSELOR AT LAW
P.O. BOX 210434
ANCHORAGE, AK 99521
PHONE: (907) 830-1385 FAX: (800) 536-1071

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

KAREN PRIMERA,

    Plaintiff,

v.

BETHEL SOLUTIONS INC.,

    Defendant.

Case No. 3AN-20- 06024 CI

FILED in the TRIAL COURTS
State of Alaska Third District

APR 2 8 2020

Clerk of the Trial Courts
By _____ Deputy

## COMPLAINT

COMES NOW, Karen Primera, the plaintiff above named, by and through her attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Karen Primera, resided within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Bethel Solutions, Inc., has maintained significant business connections within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

### II. FACTS

2.1. On or about 2010, Plaintiff Karen Primera began working for defendant Bethel Solutions, Inc., working in the AP/Payroll department.

COMPLAINT: PRIMERA V. BETHEL SOLUTIONS, INC.  PAGE - 1 -

2.2. Plaintiff Karen Primera was originally hired at a rate of $25.00 an hour, but after receiving several performance related raises, ended up making $35.00.

2.3. On or around November 2017, Defendant Bethel Soclutions, Inc., changed her position of accounts payable/payroll to that of Payroll Manager, informing her salary would be $77,500 a year.

2.4. At the time that Plaintiff's job title was changed to Payroll Manager, and her pay was shifted to salary, Ms. Primera questioned Defendant's HR Department because she knew that she did not meet the criteria for an exempt employee. Specifically she did not have the authority to fire anyone and she did not supervise anyone, give reviews, or make significant independent decisions for the company.

2.5. After her inquiry with Defendant's Human Resource office about FLSA compliance regarding overtime, Plaintiff was told that her job title was changed, and her pay was converted to a salary, because she was working too much overtime and it was too costly to pay the overtime. Defendant's HR department did not identify that it believed that Plaintiff met the criteria of being an exempt employee.

2.6. On November 1, 2018, Defendant Bethel Solutions, Inc., gave Plaintiff a raise, increasing her annual pay to $81,000 a year. But even with the raise, Plaintiff Karen Primera's work responsibilities were not such that she should have been categorized as an exempt employee.

2.7. Prior to her termination, March 2, 2020, Plaintiff Karen Primera had engaged in protected activity by protesting to the CFO about the fact that she was in correctly classified as an exempt employee. This conversation occurred toward the end of January 2020.

2.8. A second occurrence of protected activity by Plaintiff Karen Primera concerning FLSA compliance occurred on the day she was terminated, March 2, 2020, when she objected to an employee filling out another employee's timecard. Mr. Primera objected to Defendant's controller, Zounee Yang, arguing that such conduct was illegal, and a violation of the FLSA.

2.9. On March 2, 2020, Zounee Yang, Defendant's controller terminated the employment of Karen Primera. It is believed that this termination occured primarily because Ms. Primera objected to conduct by Defendant that was illegal and out of complinace with Federal wage and hour laws.

## CAUSES OF ACTION

**A. VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED (29 USC § 201 ET SEQ.): FAILURE TO PAY OVERTIME OR PROPERLY COMPENSATE EMPLOYEE.**

3.1. Karen Primera incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.9.

3.2. Plaintiff Karen Primera alleges that she worked overtime hours for her employer Bethel Soutions, Inc., but was improperly classified as an exempt employee and therefore did not receive overtime pay of one and one half times her normal rate of pay.

3.3. Plaintiff Karen Primera further alleges that by failing to pay her overtime wages for all hours that Defendant Bethel Solutions, Inc. knew she worked, or had reason to know that she worked, it violated the Fair Labor Standards Act, 29 U.S.C. § 207.

3.4. Plaintiff seeks damages from Defendant Bethel Solutions, Inc., for its violations of the Fair Labor Standards Act, as outlined above, which includes payment of her unpaid overtime wages for all hours that she worked over 40 hours in a week or eight hours in a day, liquidated damages, prejudgment interest, and actual reasonable attorney fees.

COMPLAINT: PRIMERA V. BETHEL SOLUTIONS, INC.  PAGE - 3 -

B. **VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED (29 USC § 201 ET SEQ.): RETALIATION.**

3.5. Plaintiff herewith refers to, and by that reference incorporates as though fully set forth herein, the facts in each and every paragraph set forth above, 2.1 through 2.9, and 3.1 through 3.4.

3.13. Felipe Castro incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.22.

3.6. Karen Primera affirms and attests that when she discussed with her employer that she was improperly classified as an exempt employee, and objected to other acts that she thought violated the FLSA her employer retaliated against her.

3.7. Karen Primerao affirms and attests that she was terminated by Defendant, University of Alaska, Anchorage, as a direct and proximate consequence for asking her employer to comply with wage and hour laws, her employer retaliated against her in violation of 29 U.S.C. § 215(a)(3), which prohibits retaliation against wage and hour whistle blowers.

3.8. As remedy for her job loss caused, primarily in part, by her request that her employer follow wage and hour laws, Karen Primera requests all legal and equitable remedies available under 29 U.S.C. § 216(b), including employment reinstatement, promotion, lost wages, and liquidated damages, plus actual reasonable attorney fees and prejudgment interest.

### PRAYER OF RELIEF

WHEREFORE, Plaintiff Karen Primera, requests judgment against Defendant Bethel Solutions, Inc., as follows:

1. Full and complete payment of all unpaid overtime compensation Bethel Solutions, Inc. owes Plaintiff dating back three years from the date this complaint is filed, in an amount equal to time and half of her regular rate of pay, plus

COMPLAINT: PRIMERA V. BETHEL SOLUTIONS, INC. PAGE - 4 -

liquidated damages, and prejudgment interest, with the exact amount to be proven at trial, but in an amount in excess of the jurisdictional limit for this court;

2. All legal and equitable remedies available under the FLSA, particularly those available under 29 U.S.C. § 216(b), including employment reinstatement, promotion, lost wages, and liquidated damages, plus actual reasonable attorney fees and prejudgment interest.

4. Actual reasonable attorney fees, pursuant to the Federal Fair Labor Standards Act, liquidated damages, and all permitted prejudgment interests on the unpaid wages.

5. Plaintiff Monika Switzer further seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated: April 28, 2020

Isaac D. Zorea
ABA No. 0011090
Counsel for Karen Primera

COMPLAINT: PRIMERA V. BETHEL SOLUTIONS, INC.

PAGE - 5 -